IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2009 SEP 14 A 10: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| IN RE: | )  |
| | )  |
| TERESA FLOYD, | ) CASE NUMBER: 2:09-CV-871-TFM |
| | ) |
| PLAINTIFF, | ) |
| | ) **JURY DEMAND** |
| VS. | ) |
| | ) |
| FINANCIAL RECOVERY SERVICES | ) |
| OF MINNESOTA, INC., | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

### I. Introduction

1.   This Complaint, filed by the Consumer/Plaintiff, asserts the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"); and the Defendant's violation of various Alabama State tort laws.

2.   This Complaint seeks damages consisting of actual, statutory and punitive damages for the Defendant's violations of the aforementioned statutes and the State of Alabama common law.

3.   All of the violations stated in this Complaint occurred within one (1) year from the filing date of this Complaint.

## II. Jurisdiction and Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Supplemental jurisdiction exists for the Alabama State law claims pursuant to 28 U.S.C. § 1367.

5. This Court has venue under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Alabama.

6. This Court has personal jurisdiction over the Defendant, Financial Recovery Services of Minnesota, Inc. (hereinafter, "FRS"), because the Defendant, FRS, has established minimum contacts in the State of Alabama. The minimum contacts include, but are not limited to, the Defendant, FRS, engaging in collection actions in the State of Alabama by directing debt collection telephone calls to Alabama residents and by mailing debt collection letters to Alabama residents. There is both general and specific jurisdiction over the Defendant, FRS.

## III. Parties

7. The Plaintiff, Teresa Floyd, is a resident citizen of Covington County, Andalusia, Alabama.

8. The Defendant, FRS, is a Minnesota corporation with its principal place of business believed to be located at 4900 Viking Drive, Edina, Minnesota 55435. The Defendant's, FRS', principal business purpose is to collect debts using the mail and

telephone. The Defendant, FRS, regularly attempts to collect debts alleged to be due another.

9. The Defendant, FRS, is a debt collector as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. Factual Allegations

10. Upon information or belief, the alleged indebtedness in which the Defendant is collecting originated from a GE Money Bank / Walmart credit card.

11. All debt collection efforts complained of herein relate to the attempted collection of the alleged indebtedness arising from the GE Money Bank / Walmart credit card.

12. Teresa Floyd's, alleged indebtedness to GE Money Bank / Walmart arises out of her obligation to pay money derived from certain credit transactions where the money or property was used primarily for personal, family, or household purposes.

13. The alleged indebtedness to GE Money Bank / Walmart is strictly a consumer debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

14. On or within one year of the filing of this Complaint, the Plaintiff, Teresa Floyd, fielded a telephone call from the Defendant's employee. The employee identified himself as "John West."

15. During the course of the telephone conversation between Teresa Floyd and John West, West, on behalf of FRS, threatened to obtain a judgment against Floyd and put

a lien on her property. West also insisted that Floyd refinance her home to pay the indebtedness and further commented that FRS would continue to call regarding this debt.

16. On or within one year of the filing of this Complaint, the Defendant's employee, "Mark Anderson," telephoned the Plaintiff, Teresa Floyd, in an attempt to collect an alleged consumer debt. During the course of the conversation, Anderson indicated that he was not going to waste anymore of his time with the Plaintiff. At no time did Anderson state that he was a debt collector attempting to collect a debt.

17. On or within one year of the filing of this Complaint, the Defendant's employee, "George," telephoned the Plaintiff in an attempt to collect a debt. During the course of the conversation, George commented "good job, you take money from someone else and don't repay it." During this conversation, the Defendant's employee, George, yelled at the Plaintiff regarding payment of the alleged indebtedness.

18. On or within one year of the filing of this Complaint, the Defendant's employee, West, telephoned the Plaintiff, Teresa Floyd, in an attempt to collect an alleged consumer debt. During the course of the conversation, West questioned the Plaintiff as to "why" she "had a house" and did not pay the alleged indebtedness. During a further point of this conversation, West suggested that the Plaintiff sell her "home and get an apartment." West also advised the Plaintiff that she had a "ego" and that was the reason she did not pay her bills.

19. On or within one year of the filing of this Complaint, the Defendant's employee, West, telephoned the Plaintiff, Teresa Floyd, in an attempt to collect an alleged consumer debt. During the course of the conversation, West advised the Plaintiff that she should "pay $150.00 per month." West also advised the Plaintiff that Social Security was "supposed to pay your bills and cover your expenses. How and when are you going to start working out this problem?"

20. On or within one year of the filing of this Complaint, the Defendant's employee, Anderson, telephoned the Plaintiff, Teresa Floyd, in an attempt to collect an alleged consumer debt. During the course of the conversation, Anderson questioned the Plaintiff as to why she would pay a mortgage payment. Anderson further stated that he was "going to sue you over this debt and put a lien against your assets." During this conversation, Anderson advised the Plaintiff that she should "refinance your home or get your kids to pay this debt by the end of the month." During this conversation, Anderson also told the Plaintiff that he knew she had a "checking account."

21. On every occasion where a FRS employee either spoke with the Plaintiff or left a message on a telephone answering machine, FRS neglected to report that it was a debt collector attempting to collect a debt.

22. Upon information or belief, the Defendant had no actual authority to commence a lawsuit against the Plaintiff to collect on the GE Money Bank / Walmart account.

23. Upon information or belief, the Defendant had no implied authority to commence a lawsuit against the Plaintiff to collect on the GE Money Bank / Walmart account.

24. Upon information or belief, the Defendant had no intent to commence a lawsuit against the Plaintiff.

25. The written collection agreement between GE Money Bank / Walmart and FRS does not allow for FRS to commence a lawsuit against the Plaintiff.

## Count I - Violation of Fair Debt Collection Practices Act (FDCPA)

26. The Plaintiff adopts and incorporates paragraphs 1 through 25 as if fully set out herein.

27. The Defendant violated various provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, -e, & -f.

28. The Defendant, FRS, violated 15 U.S.C. § 1692d by engaging in conduct "the natural consequences of which is to harass, oppress or abuse" the Plaintiff in connection with the collection an alleged debt. The harassment, oppression or abuse includes, but is not limited to, the following:

- Threatening to seize assets;
- Threatening to place a lien against real property;
- Threatening to obtain a judgment against the Plaintiff even through FRS had no intent of doing so; and,
- Generally threatening the Plaintiff regarding payment of a home mortgage payment instead of paying the alleged consumer indebtedness.

29.     The Defendant, FRS, violated 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in connection with collection of the alleged GE Money Bank / Walmart debt. The false, deceptive or misleading representations include, but are not limited to the following:

- False threat of lawsuit;
- False threat of asset seizure;
- Failing to identify themselves as a debt collector attempting to collect a debt;
- Falsely threatening to seize assets when there was no legal authority to do so; and,
- Falsely threatening to seize assets when the Defendant, FRS, had no intention of doing so.

30.     The Defendant, FRS, violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged GE Money Bank / Walmart indebtedness.

31.     The Defendant, FRS, used unfair or unconscionable means in its attempt to collect the alleged GE Money Bank / Walmart account by threatening to take non-judicial action against the Plaintiff's property when there was no present intent to take possession of such property.

32.     The Plaintiff has been injured as a proximate result of the Defendant's conduct.

### Count II - Negligence Per Se

33.     The Plaintiff adopts and incorporates paragraphs 1 through 32 as if fully set out herein.

34. The FDCPA, 15 U.S.C. § 1692 et seq., was enacted to protect consumers from abusive, deceptive, or unfair debt collect practices.

35. The Plaintiff occupies that class of consumers that Congress sought to protect by its enactment of the FDCPA.

36. The Plaintiff asserts that the FDCPA applies to her as well as the Defendant.

37. By enacting the FDCPA, Congress specifically recognized that abusive, deceptive, or unfair debt collect practices contribute to the number of personal bankruptcies, to marital instability, to job loss and to invasions of individual privacy.

38. By enacting the FDCPA, Congress also specifically recognized that existing laws and procedures for redressing these injuries are inadequate to protect consumers.

39. By enacting the FDCPA, Congress further recognized that debt collectors had means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

40. In its stated purpose to enact the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors."

41. The FDCPA sets forth a statutory duty owed by the Defendant to the recipients of its collection activities.

42. The Plaintiff has been injured by the Defendant's illegal conduct.

43. The Plaintiff's injuries were reasonably contemplated by the FDCPA. Congress specifically described the injuries the Plaintiff complains of.

44. The Defendant violated the FDCPA based on the following conduct:

- Threatening to sue the Plaintiff when the Defendant had no present right nor an intent to file a collection lawsuit;
- Threatening to seize the Plaintiff's assets when the Defendant had no legal right nor a present intent to seize the Plaintiff's assets;
- Failing to notify the Plaintiff that the Defendant was a debt collector attempting to collect a debt; and,
- Falsely representing that non-payment of the alleged indebtedness would result in the seizure of the Plaintiff's property when such action is unlawful.

45. The Plaintiff has been injured as a result of the Defendant's conduct and said conduct proximately caused such injury.

## Prayer for Relief

WHEREFORE, the Plaintiff, Teresa Floyd, prays this Honorable Court enter judgment against the Defendant, Financial Recovery Services of Minnesota, Inc., for the following:

a)   Actual damages;

b)   Statutory damages;

c)   Punitive damages;

d)   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(1); and,

e)   All other relief that is just.

Respectfully submitted,

BROCK & STOUT

_____
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36331
334-393-4357
334-393-0026 Facsimile
Email: christal@circlecitylaw.com